**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **CHARLES LEWIS HATCHER,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:06-CV-501-A |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Charles Lewis Hatcher, TDCJ-ID #392834, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Palestine, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 1989, Hatcher was charged by indictment in cause number 0382814D with theft of property of the value of $750 or more but less than $20,000. *Ex parte Hatcher*, State Habeas Application No. 9,727-10, at 20. On October 18, 1991, pursuant to a plea agreement, Hatcher pled guilty to the offense and was sentenced to twenty years' confinement in the 297th District Court of Tarrant County, Texas. *Id.* at 22.[1] Hatcher did not directly appeal his conviction. (Petition at 3.) On March 16, 1992, the state trial court entered a nunc pro tunc order correcting a clerical error. (*Id.* at 45.)

Hatcher has filed numerous state applications for writ of habeas corpus, at least five of which appear relevant to his 1991 theft conviction and/or the nunc pro tunc order. *See Ex parte Hatcher*, Application Nos. 9,727-10, 9,727-14, 9,727-16, 9,727-20 and 9,727-28. Hatcher filed this federal petition for writ of habeas corpus on July 14, 2006.[2] Pursuant to the undersigned's November 14, 2006 order, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Hatcher has filed a reply.

D. ISSUES

In two grounds, Hatcher contends (1) the state trial court used a void conviction to enhance the range of punishment for the offense, and (2) the state trial court's March 16, 1992 nunc pro tunc order is null and void. (Petition at 7.) *Ex parte Hatcher*, Application No. 9,727-14, at 86. He seeks

---

[1]On the same date, Hatcher also pled guilty to burglary of a building in cause number 0229074A, and, pursuant to a plea agreement, was sentenced to forty years' confinement. (*Id.* at 21.)

[2]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

a new punishment hearing.

### E.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under § 2244(d)(1)(A), applicable to Hatcher's first claim, the trial court's original judgment of conviction and sentence entered on October 18, 1991, became final and the one-year limitations period began to run upon expiration of the time that Hatcher had for filing a notice of appeal on

3

November 17, 1991, and closed one year later on November 17, 1992. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Under § 2244(d)(1)(D), applicable to Hatcher's second claim, the limitations period began to run on March 16, 1992, the date the nunc pro tunc order was entered, and closed one year later on March 16, 1993. Under these circumstances, Hatcher had one year from the AEDPA's effective date to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Thus, his federal petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202.

Hatcher's state habeas Application No. 9,727-10, filed on December 20, 1991 and denied on April 29, 1992, before the effective date of the AEDPA did not operate to toll the limitations period. Hatcher's state habeas Application No. 9,727-14, filed on July 25, 1996 and denied on April 16, 1997, tolled the limitations period for 265 days, making his federal petition due on or before January 14, 1998. 28 U.S.C. § 2244(d)(2). Hatcher's state habeas Application Nos. 9,727-16, 9,727-20 and 9,727-28, filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has Hatcher asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Equitable tolling of the federal limitations period is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Hatcher asserts that his sentence was illegally enhanced because the conviction used for enhancement purposes was void, thus he should have been sentenced within the range of punishment

for a third degree felony, instead of a second degree felony. Based on this premise, Hatcher argues that to time-bar his petition would constitute a miscarriage of justice as he is actually innocent of the twenty-year sentence. (Pet'r Reply at 2; Pet'r Memorandum in Support at 10.) Claims of actual innocence of a crime or penalty, however, do not justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168-71 (5th Cir. 2000); *Dewberry v. Director, TDCJ-CID*, No. 6:06-CV-124, slip copy 2006 WL 3759887, at *8 (E.D.Tex. Dec. 18, 2006); *Arreaga v. Quarterman*, No. EP-05-CA-302-KC, slip copy, 2006 WL 3063930, at *3 (W.D.Tex. Oct. 25, 2006.)

Hatcher's federal petition was due on or before January 14, 1998. His petition filed on July 14, 2006, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Hatcher's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 26, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 26, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 5, 2007.

       /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE